*NOT FOR PUBLICATION*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| JAMES SHEARER AND JOYCE ANDREWS, individually, and on behalf of all others similarly situated, | |
| Plaintiffs, | Civil Action No. 16-09469(FLW)(LHG) |
| v. | **MEMORANDUM AND ORDER** |
| STATE FARM FIRE AND CASUALTY COMPANY, | |
| Defendant. | |

**WOLFSON, United States District Judge:**

This matter is a diversity suit brought pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d). Plaintiffs James Shearer and Joyce Andrews (collectively, "Plaintiffs") assert that Defendant State Farm Fire and Casualty Company ("State Farm" or "Defendant") breached their all-risk property insurance policy by applying a "new construction" formula rather than a "repair/restoration" formula when determining the replacement value of their fire-damaged property. The Amended Complaint asserts claims for breach of contract and insurance bad faith.

Presently before the Court are three motions filed by Defendant: (1) Motion to Compel Appraisal and Stay Case (ECF No. 10); (2) Motion to Strike Class Allegations in Plaintiffs' Amended Complaint (ECF No. 17); and (3) Motion to Dismiss Plaintiffs' Amended Complaint (ECF No. 18). For the reasons set forth below, Defendant's Motion to Compel Appraisal and

1

Stay Case is granted. Defendant's Motion to Strike Class Allegations in Plaintiffs' Amended Complaint and Motion to Dismiss Plaintiffs' Amended Complaint are denied as moot.

I.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiffs are the owners of property located in Princeton, New Jersey (the "Property"). *See* Am. Compl. ¶ 9, ECF No. 12. Plaintiffs' Property was damaged by fire on July 11, 2015. *Id.* at ¶ 12. Plaintiffs submitted a claim to their insurer, State Farm, under their homeowners' insurance policy (the "Policy"). *Id.* at ¶ 13.[1] Plaintiffs allege that State Farm used an incorrect formula to estimate the replacement damage for their property, resulting in a devaluation of their claim by over $50,000. *See id.* at ¶¶ 15-20, 22-23. Specifically, Plaintiffs allege that State Farm applied a "new construction formula," which is used after a total loss and full demolition of the property, rather than a "repair formula," which is used when the property remains intact but the damaged portion is replaced. *See id.* at ¶¶ 16, 20. According to Plaintiffs, "the replacement cost estimate for the damage to the property under the repair formula is higher than under the new construction formula . . . because the contractor incurs additional expense in working around an existing structure." *Id.* at ¶ 17. Thus, Plaintiffs allege that they have received a lesser payment of the actual cash value of the loss, based on State Farm's incorrect calculation.

Unsatisfied with State Farm's calculation of the actual cash value of their loss, Plaintiffs filed a Complaint against State Farm on December 21, 2016. Plaintiffs bring claims on behalf of a nationwide class of policyholders who, "following a property loss that did not require a total rebuild, have had their loss adjusted by State Farm using the new construction formulas . . . as opposed to recovery and restoration formulas." *Id.* at ¶ 29.

---

[1] Plaintiffs attached a copy of their Policy to their initial complaint as Exhibit A. *See* ECF No. 1-1. State Farm has also filed a copy of the subject Policy. *See* ECF No. 7-2. Neither party disputes the authenticity of the Policy.

2

On March 7, 2017, State Farm invoked an "appraisal" provision contained in the Policy by sending a letter to Plaintiffs' counsel. *See* ECF No. 10-2 at 6-8. The appraisal provision provides a method for resolving disputes over the amount of a loss, which may be invoked by either the policyholder or State Farm. Specifically, the appraisal provision of the Policy states:

> **Appraisal.** If you and we fail to agree on the amount of loss, either one can demand that the amount of the loss be set by appraisal. If either makes a written demand for appraisal, each shall select a competent, disinterested appraiser. Each shall notify the other of the appraiser's identity within 20 days of receipt of the written demand. The two appraisers shall then select a competent, impartial umpire. If the two appraisers are unable to agree upon an umpire within 15 days, you or we can ask a judge of a court of record in the state where the residence premises is located to select an umpire. The appraisers shall then set the amount of the loss. If the appraisers submit a written report of an agreement to us, the amount agreed upon shall be the amount of the loss. If the appraisers fail to agree within a reasonable time, they shall submit their differences to the umpire. Written agreement signed by any two of these three shall set the amount of the loss. Each appraiser shall be paid by the party selecting that appraiser. Other expenses of the appraisal and the compensation of the umpire shall be paid equally by you and us.

ECF No. 1-1 at 29; ECF No. 7-2 at 20.[2]

On March 10, 2017, Defendant moved to compel appraisal and stay this case pending completion of the appraisal process. ECF No. 10. On April 10, 2017, State Farm filed two additional motions, a motion to dismiss Plaintiffs' Amended Complaint and a motion to strike Plaintiffs' class allegations.

## II. DISCUSSION

The state of New Jersey requires that a basic fire insurance policy contain certain clauses. *See* N.J. Stat. Ann. § 17:36-5.20. One such clause is the "appraisal" clause. *See id.* The purpose

---

[2] The appraisal provision closely tracks New Jersey's standard appraisal clause for fire insurance policies mandated by statute. *See* N.J. Stat. Ann. § 17:36-5.20.

of an appraisal is "to submit disputes to third parties and effect their speedy and efficient resolution without recourse to the courts." *Elberon Bathing Co., Inc. v. Ambassador Ins. Co., Inc.*, 389 A.2d 439, 446 (N.J. 1978). "Like any contract, when its terms are clear the court must enforce the contract as it finds it." *Flint Frozen Foods v. Firemen's Ins. Co. of Newark*, 86 A.2d 673, 674 (N.J. 1952). Federal and state courts in New Jersey have held that appraisal clauses in fire insurance policies are enforceable against both insurers and their insured. *See Drescher v. Excelsior Ins. Co. of N.Y*, 188 F.Supp. 158, 159 (D.N.J. 1960); *Hala Cleaners, Inc. v. Sussex Mut. Ins. Co.*, 277 A.2d 897, 898 (N.J. Super. Ct. Ch. Div. 1971) ("an insured as well as an insurance company can insist that the appraisal procedures described in the standard form of fire policy be followed").

State Farm argues that it has properly invoked its right to appraisal to resolve the dispute over the amount of the loss to Plaintiffs' property and that the Court should compel an appraisal and stay this action pending the completion of the appraisal process. *See* ECF No. 10-1 at 7. Plaintiffs raise three arguments in opposition. First, Plaintiffs argue that the matter is not ripe for appraisal because there is a dispute over the proper formula to apply in valuing the loss. *See* ECF No. 15 at 5. Next, Plaintiffs argue that even if appraisal is applicable, Plaintiffs do not have to comply with that provision because State Farm breached the Policy. *Id.* at 5-6. Finally, Plaintiffs argue that State Farm's motion should be denied because State Farm did not exercise its appraisal rights within a reasonable period of time. *Id.* at 6.

Plaintiffs' arguments in opposition are not persuasive. Under the Policy, appraisal may be invoked by either party, at any time, to resolve disputes over the amount of the loss. It is clear to the Court that the parties' dispute is over the amount of the loss to the property. For example, the Policy states that "until actual repair or replacement is completed, [State Farm] will pay only

4

the actual cash value at the time of the loss of the damaged part of the property" and that "when the repair or replacement is actually completed, [State Farm] will pay the covered additional amount [the insured] actually and necessarily spend[s] to repair or replace the damaged part of the property . . . ." ECF No. 1-1 at 26-27; ECF No. 7-2 at 17-18. Because there is no allegation that Plaintiffs have repaired or replaced the property, Plaintiffs' issue is with the amount that they received from State Farm attributable to the actual cash value of the loss. *See* Am. Compl. at ¶¶ 22-23 ("As a result of State Farm's improper interpretation of its Policy, it has devalued Named Plaintiffs' claim by over $50,000.00. This devaluation of Name[d] Plaintiffs' claim has resulted in a **lesser payment to the named Plaintiffs of the actual cash value of the loss**." (emphasis added)). The Policy unambiguously provides that when the parties fail to agree on the amount of the loss, either party may demand that the amount of the loss be determined by appraisal. Plaintiffs' position regarding the proper valuation method is immaterial to whether State Farm may seek an appraisal under the Policy. *See Enger v. Allstate Ins. Co.*, 407 F. App'x 191, 193 (9th Cir. 2010) ("By the plain language of the insurance policy, it is immaterial that Enger believes the cause of the disagreement concerning the actual cash value is Allstate's alleged use of an improper valuation method. The contract makes no exception where the source of the dispute is the valuation method used . . . .") Here, State Farm has the right to demand an appraisal under the Policy, and Plaintiffs have provided no legal or contractual basis for an exception to the appraisal provision due to disputes about appraisal methodology. Moreover, an appraisal will determine the amount of the loss and has the potential to resolve the dispute between the parties.

Plaintiffs' argument that they do not have to comply with the appraisal provision because of State Farm's alleged breach of contract is also not persuasive. The alleged breach concerns

5

State Farm's determination of the amount of loss, with which Plaintiffs disagree. The appraisal provision clearly deals with these disagreements by enabling the parties to compel appraisal where the amount of loss is disputed. ECF No. 1-1 at 29; ECF No. 7-2 at 20. Excusing compliance with this provision now, when the parties directly dispute the amount of loss, would nullify it entirely. *See Porreca v. City of Millville*, 16 A.3d 1057, 1070 (N.J. Super. Ct. App. Div. 2011) ("A contract 'should not be interpreted to render one of its terms meaningless.'" (citations omitted)).

With respect to the timeliness of State Farm's demand for appraisal, Plaintiffs have identified no law or provision of the parties' agreement limiting the time for Defendant to enforce the appraisal provision, and the Court finds that, regardless, State Farm's demand was made within a reasonable time. State Farm requested appraisal approximately two-and-a-half months after Plaintiffs filed their initial complaint in this matter.[3] *See* ECF No. 10-2 at 6-8. This two-and-a-half month time period is well within the range in which other courts have ordered an appraisal. *See, e.g., Rock-N-Rolls Auto Salon, Inc. v. U.S. Fid. & Guar. Co.*, No. A-6150-04T2, 2006 WL 1675699, at *2 (N.J. Super. Ct. App. Div. June 20, 2006) (trial court below compelled appraisal almost two years after filing of the complaint); *Dike v. Valley Forge Ins. Co.*, 797 F. Supp. 2d 777, 784 (S.D. Tex. 2011) (compelling appraisal where defendant insurer made initial appraisal demand four months after complaint was filed); *Caudros v. State Farm Fire and Cas. Co.*, No. 14-1247, 2014 WL 7338945, at *1 (D. Nev. Dec. 23, 2014) (compelling appraisal where defendant insurer made initial appraisal demand approximately three months after class action complaint was filed). Furthermore, this litigation is in its infancy –State Farm has yet to

---

[3] Plaintiffs argue, in briefing, that the filing of the Complaint on December 21, 2016, was the point at which State Farm should have known that the parties had reached an impasse in negotiations.

6

answer Plaintiffs' Amended Complaint and the parties have not started discovery. An appraisal is also timely here because it has the potential to resolve the dispute between the parties, or, at minimum, to provide a factual basis for further discussion between the parties to determine if resolution is possible.

Accordingly, State Farm's demand for an appraisal was proper under the Policy, and the Court will grant State Farm's motion compelling appraisal and stay the case pending the outcome of the appraisal process. *See Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936) ("the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants").

The Court will not address Defendant's Motion to Strike Class Allegations in Plaintiffs' Amended Complaint (ECF No. 17) or Motion to Dismiss Plaintiffs' Amended Complaint (ECF No. 18) on the merits in light of its ruling on Defendant's Motion to Compel. If the appraisal does not resolve the dispute between the parties and the stay is lifted, Defendant may renew its motions.

**IT IS, THEREFORE,** on this 22nd day of August, 2017,

**ORDERED** that Defendant's Motion to Compel Appraisal and Stay Case (ECF No. 10) is **GRANTED**; and it is further

**ORDERED** that this action is stayed pending the appraisal to be conducted pursuant to the Policy; and it is further

**ORDERED** that Defendant's Motion to Strike Class Allegations in Plaintiffs' Amended Complaint (ECF No. 17) is **DENIED** as moot; and it is further

**ORDERED** that Defendant's Motion to Dismiss Plaintiffs' Amended Complaint (ECF No. 18) is **DENIED** as moot; and it is further

**ORDERED** that the parties are to file a status report within sixty (60) days to update the Court on the appraisal process.

/s/  Freda L. Wolfson
Freda L. Wolfson
United States District Judge